# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AERONAUTICAL TITLE AND ESCROW SERVICE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-23-1179-J |
| LIONS AIR SKYMEDIA AG, and SARAN SAVUNMA HAVACILIK SANAYI VE TIC. LTD. STI., | ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANT LIONS AIR SKYMEDIA AG'S ANSWER TO PLAINTIFF'S PETITION, AND COUNTERCLAIM

For its Answer to Plaintiff's state court Petition previously removed to this United States District Court for the Western District of Oklahoma under 28 U.S.C. § 1441(a), Defendant, Lions Air Skymedia AG ("Lions Air"), alleges the following, by paragraphs numbered to correspond to the Plaintiff's numbered paragraphs in the state court Petition. To the extent not specifically admitted herein, Lions Air denies all other allegations by Plaintiff, whether express or implied, in Plaintiff's state court Petition.

## ANSWER TO PETITION FOR INTERPLEADER

1.  Lions Air admits that Aeronautical Title Escrow Service, LLC ("AEROtitle"), is an Oklahoma limited liability company, and its principal place of business is in Oklahoma City in Oklahoma County.

2. Lions Air admits it is an Aktiengesellschaft (AG), a stock corporation formed in Switzerland under the laws of Switzerland, with its registered seat in Wollerau, Switzerland.

3. Lions Air admits Saran is an entity formed under the laws of the Republic of Turkey.

4. Lions Air admits AEROtitle acted in the capacity as an escrow agent pursuant to a Letter of Intent ("LOI") dated "Tuesday the 4th of July 2023" under which Lions Air was the potential buyer of a helicopter, and Saran was the potential seller. Lions Air admits the helicopter subject to the LOI was identified as "Bell 429 MSN 57159, registration number TC-HGH." Lions Air denies that the potential purchase price in the LOI was US $4,500,000.

5. Lions Air admits under the "Deposit" term of the LOI, it was to transfer a "refundable deposit" of US $250,000 to be held in escrow by AEROtitle, and under the LOI the potential helicopter sales transaction was "subject to the execution of a definitive aircraft purchase agreement in the Buyer's form[,]" but "[i]n case no such definitive aircraft purchase agreement [was] executed, the Deposit shall be refunded by the Escrow Agent [AEROtitle] …." Lions Air lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that it expected to

receive an escrow fee of $5,650 if the LOI had resulted in the sale of the helicopter, and this statement effectively denies that allegation.

6. Lions Air admits it transferred $250,000 to AEROtitle to be held in escrow.

7. Lions Air admits the potential sale of the helicopter did not occur. Lions Air further admits Saran has made demand for the escrow funds to be transferred to Saran, instead of Lions Air. Lions Air further admits it has requested that AEROtitle return the refundable $250,000 deposit to Lions Air.

8. Lions Air admits AEROtitle refuses to release the $250,000 refundable deposit to Lions Air. Lions Air lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it is unable to discern which party is legally entitled to the $250,000 it holds in escrow, and this statement effectively denies that allegation. Lions Air lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that AEROtitle has not transferred the deposit it received from Lions Air to Saran.

9. Lions Air admits AEROtitle filed an interpleader Petition in the District Court of Oklahoma County state court to interplead the refundable deposit into the registry of the state court. Lions Air denies that there is a genuine dispute concerning ownership of the $250,000

deposit. Lions Air lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation it is a neutral third-party, and this statement effectively denies that allegation.

10. Plaintiff's paragraph 10 of the state court Petition sets forth a series of legal conclusions versus factual allegations to which no answer is required. To the extent any factual allegations arguably are asserted by Plaintiff in paragraph 10, Lions Air denies the allegations. Lions Air also denies the state court in Oklahoma County has "exclusive jurisdiction" to determine any dispute regarding the $250,000 refundable escrow sent by Lions Air to Plaintiff.

11. Lions Air denies venue is proper in the state court in which the Petition was filed because jurisdiction can be acquired in the United States District Court for the Western District of Oklahoma as set forth in AEROtitle's July 6, 2023 Deposit Confirmation letter to Lions Air and to Saran.

### FIRST CLAIM — INTERPLEADER

12. Lions Air admits Plaintiff received $250,000 from Lions Air in Plaintiff's capacity as an escrow agent to be held in escrow in connection with a potential sale of a helicopter by Saran to Lions Air under the LOI.

13. Lions Air admits the potential sale of the helicopter did not occur because a definitive aircraft purchase agreement in the Buyer's

form was not executed, and Lions Air admits Saran has made demand for the escrow funds to be transferred to Saran, instead of to Lions Air as required under the LOI, and the Deposit Confirmation letter. Lions Air admits it has requested that AEROtitle return the refundable $250,000 deposit to Lions Air as required under the LOI. Lions Air admits the claims to the $250,000 refundable deposit by Lions Air versus Saran are conflicting.

    14.    Lions Air denies the factual allegations and legal contentions asserted by Plaintiff in paragraph 14 of the state court Petition.

    15.    Lions Air admits Plaintiff is the "stakeholder" with respect to the $250,000 refundable deposit received from Lions Air held by Plaintiff in escrow. Lions Air denies the remaining factual allegations and legal contentions Plaintiff asserts in paragraph 15 of the state court Petition.

    16.    Lions Air denies the factual allegations and legal contentions asserted by Plaintiff in paragraph 16 of the state court Petition.

    17.    Lions Air admits Plaintiff has hired legal counsel. Lions Air denies the remaining factual allegations and legal contentions asserted by Plaintiff in paragraph 17 of the state court Petition.

    18.    Lions Air denies the legal contentions and the propriety of the demands for relief asserted by Plaintiff in paragraphs A, B, C, D, and E of the state court Petition.

## **AFFIRMATIVE DEFENSES**

Lions Air affirmatively states these avoidances and affirmative defenses to the state court Petition:

1. Estoppel based on the escrow agreement with AEROtitle.

2. Breach of the escrow agreement by AEROtitle.

3. Lions Air reserves the right to add any additional affirmative defense that may apply under the circumstances as additional facts are made known through discovery.

WHEREFORE, having now fully answered, Lions Air requests that Plaintiff's interpleader claim be dismissed, and Plaintiff ordered to return the $250,000 deposit to Lions Air.

## **LIONS AIR SKYMEDIA AG'S COUNTERCLAIM AGAINST AERONAUTICAL TITLE AND ESCROW SERVICE, LLC**

For its counterclaim, Lions Air Skymedia AG ("Lions Air") alleges and states the following:

### **The Parties, Jurisdiction, and Venue**

1. The Plaintiff, Aeronautical Title and Escrow Service, LLC ("AEROtitle"), is an Oklahoma limited liability company, Its principal place of business is in Oklahoma County.

2. Defendant Lions Air Skymedia AG ("Lions Air") is an Aktiengesellschaft (AG), a stock corporation formed in Switzerland under the laws of Switzerland, and its registered seat in Wollerau, Switzerland.

3.      The amount in controversy is $250,000 held pursuant to an escrow arrangement under which AEROtitle serves as escrow agent. The escrow was delivered by Lions Air to AEROtitle on July 6, 2023, under a Letter of Intent ("LOI") dated July 3, 2023, between Lions Air as potential buyer of a helicopter registered in Turkey, and Saran Savunma Havacilik Sanayi Ve Tic. Ltd. Sti. ("Saran"), a citizen of the Republic of Turkey, as potential seller. [A copy of the July 6, 2023 Letter of Intent is submitted as **Exhibit 1**.]

4.      Under the AEROtitle Deposit Confirmation letter dated July 6, 2023, Lions Air and Saran waived objections to personal jurisdiction and venue with respect to any dispute as to the $250,000 held in escrow by AEROtitle, under the following forum selection term:

> In the event a dispute arises, regarding the deposit confirmed above, and in exchange for the service provided by AEROtitle, the parties to this transaction agree the exclusive jurisdiction for any and all actions or proceedings, relating to or arising out of this deposit/escrow agreement, shall be the District Court of Oklahoma County, State of Oklahoma, or if it has or can acquire jurisdiction, in the United States District Court for the Western District of Oklahoma, and the parties waive any objections to venue in or the personal jurisdiction of these courts.

* * *

Megan Webb
Escrow Executive

[A copy of the AEROtitle Deposit Confirmation letter emailed to Lions Air and Saran is submitted as **Exhibit 2**.]

7

5.    Also under the July 6, 2023 AEROtitle Deposit Confirmation letter, the $250,000 deposit was refundable to Lions Air, the depositor:

> To all:
>
> This letter is to confirm that AEROtitle has received, into escrow, the funds, in the amount of $250,000.00USD, to be held against the above referenced collateral.
>
> <u>Escrow deposits received are considered refundable to the depositor until we are notified otherwise, in writing, by the Depositor,</u> or <u>until we are in receipt of a fully executed Purchase Agreement or Contract, outlining the terms and conditions of the funds being held in escrow</u>.
>
> * * *
>
> Megan Webb
> Escrow Executive

[AEROtitle Deposit Confirmation letter, **Exhibit 2**.]

6.    Negotiations between Lions Air and Saran failed.

7.    The sale of the helicopter by Saran to Lions Air did not occur, and Lions Air instructed AEROtitle to return the $250,000 deposit held in escrow by AEROtitle to Lions Air.

8.    Subsequently, Saran's legal counsel sent a demand letter to AEROtitle requesting for the $250,000 deposit to be transferred to Saran, or, alternatively, for AEROtitle to continue holding the $250,000 deposit in escrow pending resolution of Saran's alleged claims against Lions Air asserting Saran suffered damages totaling $350,000 after the helicopter

sale under the LOI fell through. [September 13, 2023 demand letter at pp. 3-4, submitted as **Exhibit 3**.]

9.  Instead of returning the $250,000 refundable deposit to Lions Air as required under the LOI and the Deposit Confirmation provisions, AEROtitle filed an interpleader action in the District Court of Oklahoma County seeking an order allowing it to pay the $250,000 into the registry of that court, and for the state court to determine ownership of the funds.

10. Lions Air removed the state court action to this United States District Court for the Western District of Oklahoma. [ECF Doc. Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, and 1-7.]

11. To date, upon information and belief, Saran has not been served with an original summons and copy of the state court Petition.

12. This District Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1332 as there is diversity of citizenship between AEROtitle and Lions Air.

13. Venue in this United States District Court is proper under 28 U.S.C. § 1391(b)(2) as the $250,000 refundable escrow delivered by Lions Air to AEROtitle is maintained by AEROtitle within Oklahoma County in the Western District of Oklahoma.

## Additional Background

14. Under the LOI between Lions Air and Saran, the potential sale of the helicopter by Saran to Lions Air was subject to the execution of a "definitive aircraft purchase agreement in the Buyer's form," and Lions Air was required to deliver a $250,000 deposit to AEROtitle to be held in escrow. [**Exhibit 1**, LOI, p. 1, AIRCRAFT PURCHASE AGREEMENT and DEPOSIT headings.]

15. In the event such a purchase agreement was not executed, the $250,000 was to be returned by AEROtitle to Lions Air: "In case no such definitive aircraft purchase agreement is executed, the Deposit *shall be* refunded by the Escrow Agent ...." [**Exhibit 1**, LOI at p. 1, AIRCRAFT PURCHASE AGREEMENT (emphasis added).]

16. The LOI forum selection term states, "Law/Jurisdiction: Swiss material law and exclusive jurisdiction of the ordinary courts of the city of Zurich[.]" [**Exhibit 1**, LOI, p. 2, LAW/JURISDICTION.]

17. After the negotiations between Lions Air and Saran failed, a definitive aircraft purchase agreement was *not* executed, and Lions Air requested for AEROtitle to return the $250,000 in escrow to Lions Air.

18. Subsequently, Saran's legal counsel sent a demand letter to AEROtitle requesting for the $250,000 deposit to be transferred to Saran, or, alternatively, for AEROtitle to continue holding the $250,000 deposit

in escrow pending resolution of Saran's alleged claims against Lions Air asserting Saran suffered damages totaling $350,000 as a direct result of the nonoccurrence of the potential helicopter sale under the LOI.

19.  Instead of returning the $250,000 refundable deposit to Lions Air as required under the LOI and the Deposit Confirmation provisions, AEROtitle filed an interpleader action in the District Court of Oklahoma County seeking entry of an order allowing it to pay the $250,000 into the registry of that court, and for the state court to determine ownership of those funds.

20.  The state court interpleader action was removed by Lions Air to this United States District Court for the Western District of Oklahoma. [ECF Doc. Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, and 1-7.]

### FIRST CLAIM FOR RELIEF
### BREACH OF ESCROW AGREEMENT

21.  Lions Air incorporates and reasserts the allegations made in paragraphs 1 through 20 of this counterclaim as if set forth here in full.

22.  By attempting to interplead the $250,000 Lions Air deposit, instead of returning the funds to Lions Air, AEROtitle is in breach of the escrow agreement.

23.  As a direct result of the breach by AEROtitle, Lions Air has suffered damages of $250,000 (exclusive of interest and costs).

## DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Lions Air respectfully requests a determination by the Court that AEROtitle is in breach of the escrow agreement, and that judgment in the amount of $250,000 be entered against AEROtitle, and in favor of Lions Air, and for such other relief as to which Lions Air is entitled whether at law or in equity.

Submitted respectfully by:

/s/ Andrew L. Walding

Andrew L. Walding
Okla. Bar No. 14349
Attorney for Lions Air Skymedia AG
Walding Law PLLC
6414 N. Santa Fe Ave. Unit D
Oklahoma City, OK 73116-9102
Telephone: 405-605-4444
Email Address: alw@walding.law